■    SHELDON D. STERN, Doing Business as SHELLY BROKERAGE, Respondent, v CHEMICAL BANK, Appellant.—In an action by the payee to recover the face amounts of four checks which were allegedly improperly accepted for deposit by the defendant bank, the appeal is from an order-judgment of the Supreme Court, Nassau County, dated July 29, 1974, which (1) granted plaintiff's motion for summary judgment and (2) denied defendant's cross motion for summary judgment. Order-judgment modified, on the law, by (1) deleting therefrom so much of the first decretal paragraph as provides that plaintiff's said motion is granted and (2) deleting therefrom the second decretal paragraph. As so modified, order-judgment affirmed, with $20 costs and disbursements. In our opinion there are fact issues which preclude the granting of summary judgment to either party, e.g., the intention of the parties with regard to the wording of the power of attorney signed by plaintiff and relied upon by defendant, whereby plaintiff's agents were authorized to deposit with defendant any moneys, checks, etc., "to the credit or for the account of the" plaintiff "or otherwise", whether this power included the authority to deposit checks payable to plaintiff into the account of a corporation controlled and operated by the agents and what, if any, limitations were imposed upon the "full" power of substitution, delegation and revocation which the power of attorney invested in the agents. Martuscello Acting P. J., Christ, Munder and Shapiro, JJ., concur

## (April 28, 1975)

■    ROBERT V. ANDERSON et al., Appellants, v GERALD PIFFATH et al., Respondents.—The respective attorneys for the parties have, on this appeal from an order of the Supreme Court, Nassau County, dated January 29, 1975, agreed by written stipulation dated April 11, 1975 that the appeal be withdrawn and that a trial be held on the merits, after a conference in this court held on April 11, 1975. In accordance with the stipulation, the appeal is deemed withdrawn, without costs, and the case is remitted to the equity part of the Supreme Court, Nassau County, for a trial on the merits, which is to commence on May 19, 1975, after filing of a note of issue. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.